IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QIANG CHENG and JALE TEZCAN,

    Plaintiffs,

v.

SUSAN M. FORD and BOARD OF
TRUSTEES OF SOUTHERN ILLINOIS
UNIVERSITY-CARBONDALE,

    Defendants.                                Case No. 15-cv-527-DRH-DGW

## MEMORANDUM & ORDER

HERNDON, District Judge:

### I.    INTRODUCTION

Pending before the court is plaintiff's motion seeking preliminary injunctive relief (Doc. 1-2). On June 17, 2015, the Court held an evidentiary hearing on the matter, at which time defendants raised a question of jurisdiction over the case in its entirety. This comes after defendants, themselves, removed the case to this Court on May 8, 2015 (Doc. 1). Following the hearing, defendants filed a memorandum in opposition to plaintiff's motion for preliminary injunction, asserting that plaintiffs fail to allege a constitutionally protected property or liberty interest (Doc. 24). Thereafter, plaintiff filed a response (Doc. 25). Therefore, the issue before the Court is whether subject matter jurisdiction exists

over this case, thus allowing for a ruling on plaintiff's motion for injunctive relief. Based on the following, the Court must **DISMISS** this case without prejudice with leave to re-file a cognizable claim in state court.

## II.  BACKGROUND

On May 6, 2015, plaintiffs Drs. Qiang Cheng and Jale Tezcan filed a complaint against defendants Susan Ford and the Board of Trustees of Southern Illinois University-Carbondale, alleging a 42 U.S.C. § 1983 claim for deprivation of property and liberty without due process. Defendants removed the instant action, arising from the alleged violation of Southern Illinois University–Carbondale's (herein after "the University") Academic and Research Integrity and Misconduct Policy (herein after "the Policy"), invoking federal question jurisdiction (Doc. 1). Plaintiff's complaint arose following the University's investigation into academic misconduct by plaintiffs Cheng and Tezcan, subsequent to a complaint f with the University (Doc. 1-2).

Plaintiff's complaint also included an attached motion for temporary restraining order seeking injunctive relief to bar defendants from continuing to investigate the alleged research misconduct. Upon reassignment to the undersigned from Chief Judge Reagan, the matter was referred to Magistrate Wilkerson for a status conference to discuss the requested injunctive relief and potential resolution (Doc. 17).

Following the status conference, the matter was set for hearing before the undersigned on June 17, 2015 (Doc. 20). At the hearing, the parties discussed the matter at hand with regard to preliminary injunctive relief. Plaintiff called multiple witnesses including defendant Ford, Dr. David DiLilla, associate provost for academic affairs, and plaintiff Dr. Jale Tezcan. Near the end of the two and a half hour hearing, defendants raised issue with the merits of plaintiffs' claim under 28 U.S.C. § 1983, thereby challenging the Court's jurisdiction over the case in its entirety. The Court took the matter under advisement upon consideration of the memorandum proposed by defendants at that time. Following the hearing, defendant's filed said memorandum styled as a response in opposition to plaintiff's motion for preliminary injunction, which included the issues touched on during the hearing (Doc. 24). Thereafter, plaintiff filed a response opposing defendants' memorandum (Doc. 25).

### III.   LAW AND APPLICATION

#### a.  Removal Standard

A district court may exercise removal jurisdiction only if it would have original subject matter jurisdiction over the action as originally brought by the plaintiff. U.S.C. § 1441(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of

the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The parties to this action are not diverse; hence, the original jurisdiction necessary for removal, if such jurisdiction exists, must be based on the presence of a federal question. The defendants were able to convince the Court to accept jurisdiction over the case on this basis, contending that the case arose "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, at the evidentiary hearing, defendants raised a question of jurisdiction over the case in its entirety, when they challenged plaintiffs' Section 1983 claim by alleging that plaintiffs failed to establish a recognized constitutionally protected property or liberty interest.

### b. 42 U.S.C. § 1983

Section 1983 of the United States Code provides that a plaintiff may recover civilly if he or she is deprived of a constitutional right by a private individual acting under color of law. That section states that:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law."

42 U.S.C. §1983. Thus, the initial inquiry into a section 1983 action is whether the conduct complained of deprived the plaintiff of a right, privilege, or immunity

secured by the Constitution or laws of the United States. *Kramer v. Village of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir.2004).

### c. Federal Question Jurisdiction

The federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In assessing the propriety of removal based on federal question jurisdiction, the district court applies the well-pleaded complaint rule which provides that such jurisdiction exists "only when the federal question is presented on the face of the plaintiff's properly pleaded complaint." *Jass v. Prudential Health Care Plan, Inc.,* 88 F.3d 1482, 1486 (7th Cir.1996). In defendants' brief opposing the motion for preliminary injunction, they now assert that federal question jurisdiction does not exist, as plaintiffs have failed to articulate a constitutionally protected property or liberty interest.

Liberty interests stem from the Constitution, while property interests have their foundation in state law such as statutes, regulations, or contracts. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972). To reach any due process issue, a plaintiff must allege that his or her claims implicate a property or liberty interest. *Id.* at 569-70 (1972). However, if plaintiffs' alleged deprivation is not one of a recognized liberty or property interest, the allegations fail to support a § 1983 claim. *See e.g. Paul v. Davis*, 424 U.S. 693 (1976); *Elliott v. Hinds*, 786 F.2d 298 (7th Cir.1986).

### i. Property Interest

A party claiming a deprivation of a property interest must have a legitimate claim of entitlement to it. *Paul*, 424 U.S. at 696; *Beischel v. Stone Bank Sch. Dist.*, 362 F.3d 430, 435 (7th Cir.2004). The Seventh Circuit has explained that,

> "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims."

*Wolf v. Larson*, 897 F.2d 1409, 1411 (7th Cir.1990). The due process clause of the Fourteenth Amendment forbids a state from depriving any person of "life, liberty, or property, without due process of law." To state a claim for a procedural due process violation, a plaintiff must establish that there is "(1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Hudson v. City of Chicago,* 374 F.3d 554, 559 (7th Cir.2004). The issue before the court is whether plaintiff's established a cognizable property interest in this case.

Plaintiffs assert that defendants impaired their property interest by violating the Research Integrity and Misconduct Policy in two ways. First, plaintiffs allege that defendant Ford's actions, by continuing the Research Misconduct investigation past the Inquiry Phase without an adequate basis for

doing so, deprived plaintiffs of property rights to their research and its publication (Doc. 1-2, ¶26). Second, plaintiffs allege that the "violation of the Policy also constitutes *de facto* disciplinary sanctions on Cheng and Tezcan without due process" (Doc. 1-2, ¶27). However, such assertions do not establish a constitutionally protected property interests that arise from the Policy.

With regard to plaintiffs' future publication in *Transactions on Geoscience and Remote Sensing*, plaintiff fails to cite to an Illinois statute or section of the University's Policies that establishes plaintiffs' cognizable property interest in publishing their research. Moreover, plaintiff provided no facts on the face of their complaint to assert a contractual or otherwise enforceable claim for future publication that would establish a legitimate claim of entitlement. Furthermore, with regard to the claim of *de facto* disciplinary sanctions, the Seventh Circuit has held that "internal discipline without further adverse employment consequences does not implicate a protected property interest." *Powell v. Fujimoto*, 119 F. App'x 803, 805 (7th Cir. 2004). Accordingly, the Court finds that plaintiff's claim does not give rise to a constitutionally protected property interest.

### ii. Liberty Interest

Plaintiffs next argue that defendants deprived them of a liberty interest in their positive reputations without due process (Doc. 1-2, ¶30). Damage to reputation alone, even by a government entity, does not implicate a liberty interest protected by the Due Process Clause. See *Paul v. Davis*, 424 U.S. 693, 701 (1976).

Additionally, the Seventh Circuit has established that, with regard to liberty interest in reputation:

> "It is well-settled that an individual has no cognizable liberty interest in his reputation; consequently, when a state actor makes allegations that merely damage a person's reputation, no federally protected liberty interest has been implicated. *See Paul v. Davis*, 424 U.S. 693, 711–12 (1976); *Hojnacki v. Klein–Acosta*, 285 F.3d 544, 548 (7th Cir.2002). Indeed, "mere defamation by the government does not deprive a person of liberty protected by the Fourteenth Amendment, even when it causes serious impairment of one's future employment." *Hojnacki*, 285 F.3d at 548 (internal quotations and citations omitted). Rather, it is only the "alteration of legal status," such as governmental deprivation of a right previously held, "which, combined with the injury resulting from the defamation, justif[ies] the invocation of procedural safeguards." Paul, 424 U.S. at 708–09; Townsend v. Vallas, 256 F.3d 661, 669 (7th Cir.2001)."

*Dupuy v. Samuels*, 397 F.3d 493, 503 (7th Cir. 2005)

To establish a liberty cause of action, a plaintiff must show that: (1) plaintiff was stigmatized by the defendant's conduct; (2) the stigmatizing information was publicly disclosed; and (3) plaintiff suffered a tangible loss of other employment opportunities as a result of the public disclosure. *Covell v. Menkis*, 595 F.3d 673, 677–78 (7th Cir.2010).

Additionally, stigmatizing statements made to employees within a department are not considered public dissemination. *Id*. at 678 (citing *McMath v. City of Gary*, 976 F.2d 1026, 1035-1036 (7th Cir.1992)).

In the present case, plaintiffs fail to establish a protectable liberty interest in their reputations under the factors listed above. *Townsend v. Vallas*, 256 F.3d

661, 671 (7th Cir. 2001)("requirement that the employee show that he suffered a tangible loss of other employment opportunities is consistent with the case authority insisting that a liberty interest claim not be unduly speculative.")

Absent a threshold showing of a protectable interest, the Court cannot proceed with the claim for deprivation of plaintiffs' rights and requested injunctive relief. In summary, plaintiffs fail to identify a recognized property or liberty interest affording this court jurisdiction, and their claim for due process violations under 42 U.S.C. § 1983 must be dismissed.

### IV.  CONCLUSION

Upon dismissal of plaintiffs' sole claim raising a federal question, the court no longer has subject matter jurisdiction. Also, with no additional claims in the single-count complaint, the Court must **DISMISS** this case with leave to refile a suitable claim in state court.

**IT IS SO ORDERED.**

Signed this 6th day of July, 2015.

Digitally signed by David R. Herndon
Date: 2015.07.06 14:29:19 -05'00'

**United States District Judge**